PER CURIAM:
Claimants, employees of the respondent State agency, brought these actions for reimbursement of the value of certain items of personal property which were destroyed when a tmck, belonging to the respondent and used by claimants in the performance of their duties, was stolen and destroyed.
Claimants are employed by respondent at the Cheylan headquarters in Cabin Creek, Kanawha County. On May 25, 1993, claimants, having completed work for the day, locked the doors of the truck and put the keys in the office, which was the normal routine. During the weekend, juveniles stole the truck and set it on fire. All of claimants’ personal belongings used in the performance of their duties for respondent were burned in the fire. Respondent is unable to reimburse the claimants’ for their personal belongings, as respondent does not have a fiscal method for this purpose.
Respondent does not contest the facts of these claims or the requested awards put forth in the claims. Bernard Ferrell, area maintenance supervisor for respondent, testified that claimants followed the routine procedures for returning the truck. The trucks are kept in a fenced area which is secured with a combination lock on the gates. He recalled the incident and acknowledged that the truck was stolen and burned. The claimants have no recourse for receiving reimbursement for their personal property except through the Court of Claims.
*40 Although the Court recognizes that respondent did not act in an improper manner, this Court is also aware that claimant employees are required to have certain personal property in the track which they use in the performance of their duties for respondent. The personal effects kept by the employees included such items as insulated jackets, coveralls, and rain suits. This Court is of the opinion that claimants are entitled to be reimbursed for their personal property losses as a moral obligation of the State. The amounts claimed appear to this Court to be fair and reasonable for the items listed in the claims.
In view of the foregoing, this Court is of the opinion to and does grant awards to the claimants as indicated below.
Award of $63.55 to Russell Hammack.
Award of $20.09 to Jan Adrian Creasey.
Award of $202.69 to Frank McGuire.
Award of $81.51 to Roger Balser.
Award of $50.83 to Virgil N. Martin, Jr.
Award of $89.99 to Timothy Hudnall.